KING ET AL., APPELLANTS, *v.* MULLINS ET AL., RESPONDENTS.

(No. 1,690.)

(Submitted January 5, 1903.   Decided January 19, 1903.)

*Injunction—Trespass—Irreparable Injury—Mining Shafts.*

The sinking of a mining shaft by trespassers upon a forty-acre tract of ground used for manufacturing brick, and the throwing of the debris therefrom upon the surface of the ground (but not to such an extent as to interfere seriously with the use of the ground for the purpose of manufacturing brick), is not such an irreparable injury, nor waste of the estate, as to authorize an injunction.

*Appeal from District Court, Silver Bow County; William Clancy, Judge.*

INJUNCTION by Silas F. King and another against Pat Mullins and others. From an order denying the injunction, plaintiffs appeal. Affirmed.

## STATEMENT OF THE CASE.

Appeal from an order denying an injunction. The action was brought to obtain a judgment against the defendants for a trespass upon a portion of the Columbia clay placer mining claim, situate in Silver Bow county. The complaint alleged that the defendants in April, 1901, entered upon a portion of the surface of the claim, on which there are certain shafts and excavations made by the plaintiffs, and that since that time they have remained in possession, engaged in digging shafts and dumping the debris therefrom upon the surrounding surface, to the damage of the plaintiffs in the sum of $500. It is further alleged that the defendants are mining and removing therefrom the valuable ore deposits found therein, and will continue to do so, thus obstructing the plaintiffs' use and enjoyment of the premises; that the said premises are valuable chiefly for their mineral deposits; and that, unless the defendants are enjoined from so trespassing thereon, the property will be depreciated in value, and it will require a multiplicity of suits to protect the plaintiffs' rights. The nature of the mineral deposits referred to is not stated.

The answer puts in issue the plaintiffs' title and right of possession under their alleged placer location; denies the damage complained of; and then alleges affirmatively that the defendants are rightfully in possession of the disputed portion of the premises for purposes of exploration and location, pursuant

to the mineral laws of the United States, of quartz claims upon two certain veins of quartz-bearing copper, and other valuable minerals which they believe to exist therein.

Under an order to show cause why an injunction should not issue *pendente lite,* a hearing was had, during which it appeared from the evidence introduced on the part of the plaintiffs that their claim is founded upon a location of about 40 acres of ground, including that in controversy, as a brick-clay placer, though the location notice declares that the ground contains gold also. It further appeared that the ground is situated near the city of Butte, and contains a stratum of clay valuable for the manufacture of brick; that the plaintiffs were in possession of the same through a lessee under their alleged location, which was made in June, 1898; that this tenant paid a royalty to the plaintiffs until July, 1900, when his lease expired; that thereupon, concluding that a location of land containing a deposit of brick clay only was not valid under the mineral laws of the United States, and desiring to hold the land because of the deposit, he made an entry of it as a homestead, and at the commencement of this action was engaged in litigating the alleged title of the plaintiffs in the land department of the United States, though still retaining possession by their consent, with the reservation, understood and acquiesced in by them, that if the placer location should be held invalid he would hold the ground under his homestead entry; and that, while the tenant was so occupying the ground, the defendants entered upon the portion of the surface in controversy, which was not in his actual possession, and, taking possession of a shaft thereon called the "discovery shaft," at a distance of about 400 feet from the base of the tenant's operations, began to sink the same through the surface deposits of clay and gravel in order to discover, if possible, copper-bearing quartz veins believed to exist some distance beneath the surface; and that the debris from the excavations thus made was being hoisted and deposited upon the surface immediately about the shaft.

At the close of defendants' case, upon motion of defendants, the location notice was stricken out. Thereupon, without fur-

ther evidence and after argument, the injunction was denied. Error is assigned upon the action of the court in striking out the notice and in denying the injunction.

*Mr. George M. Bourquin,* for Appellants.

Veins or lodes not known to exist within a placer when placer patent is applied for, belong to the placer claimant, and no other person can acquire any right thereto by discovery and location. (*Montana Copper Co.* v. *Dahl,* 6 Mont. 131, S. C. 132 U. S. 264; *Raunheim* v. *Dahl,* 6 Mont. 167, S. C. 132 U. S. 260.)

Defendants' seeking veins or lodes within the premises in controversy, intending to locate and extract and carry away the substance thereof, was waste or trespass, and involved irreparable injury, and because of it plaintiffs were entitled to an injunction *pendente lite.*    (10 Am. & Eng. Ency. of Law, 881, 817; Lindley on Mines, Sec. 872; 1 Beach on Injunctions, Sec. 35.)

Plaintiffs were in possession by their tenant; repeated and continuing trespasses by defendants should have been enjoined, principally to avoid multiplicity of actions and the inadequacy of legal remedy.    (*Kellogg* v. *King,* 46 Pac. 166; *Paliman* v. *Lohmeyer,* 83 N. W. 201; *Hall* v. *Nester,* 80 N. W. 982; 3 Pomeroy, Eq. Jur. Sec. 1357; *Hinckel* v. *Stevens,* 45 N. Y. S. 678.)

Threatened location of the premises by defendants would cloud plaintiffs' title, and an injunction should issue to prevent casting a cloud upon complainants' title.    (2 Am. & Eng. Ency. of Law, 302; 3 Pomeroy, Eq. Jur. Secs. 1345, 1348.)

. *Mr. T. J. Walsh,* for Respondents.

MR. CHIEF JUSTICE BRANTLY, after stating the case, delivered the opinion of the court.

Under the view we take of the case, it will not be necessary to consider whether the court erred in striking out the notice. Presumably this was done upon the ground which, among others, was laid in the motion, that title cannot be acquired to

lands under the mineral laws of the United States by reason of brick-clay deposits therein.

Conceding the location to be valid, and that the court should not have stricken out the notice, this, in connection with the evidence offered to show irreparable mischief, presented no ground for an injunction. Upon this theory the evidence tended to show an unlawful entry and ouster as to the disputed portion of the ground, but no irreparable injury which the plaintiffs will suffer during the litigation. There is nothing shown but a simple technical trespass. Nothing of value is being removed or carried away; nor is the adjacent surface being incumbered by the debris deposited thereon to such an extent as to interfere seriously with the operations of the tenant in possession under plaintiffs, or the use of the ground for the purpose of manufacturing brick. The estate is not being removed or destroyed, nor is it being seriously impaired. There is presented a case for a suit at law in trespass, such as is this case, or one in ejectment to establish plaintiffs' title and recover the possession of the disputed portion, and it falls clearly within the rule that an injunction will not issue to restrain a trespass unless the injury being done is irreparable, or is in the nature of waste and goes to the destruction of the estate. (*Heaney* v. *Commercial Co.,* 10 Mont. 590, 27 Pac. 379.) Though the rule laid down in the case cited was modified in the later case of *Lee* v. *Watson,* 15 Mont. 228, 38 Pac. 1077, because too broadly stated as applied to the facts in that case, yet, as applied to cases similar in their facts to the one under consideration, it states the correct rule, and is followed.

The foregoing observations render unnecessary a consideration of the question, which arises upon the record, whether the plaintiffs, by reason of their fraudulent collusion with their tenant in possession, and by reason of their apparent abandonment of their placer location under the agreement with the tenant, are in a position to demand any relief whatever from a court of equity.

The order complained of is affirmed.

*Affirmed.*