## NATIONAL BANK OF MONTANA, RESPONDENT, *v.* BINGHAM, APPELLANT; BINGHAM ET AL., DEFENDANTS.

(No. 6,303.)

(Submitted June 5, 1928. Decided July 12, 1928.)

[269 Pac. 162.]

*Mr. Frank W. Mettler,* for Appellant, submitted a brief and argued the cause orally.

*Mr. C. A. Spaulding,* for Respondent Bank, submitted a brief and argued the cause orally.

*Mr. Harry P. Bennett,* for Respondents Richard and Clara Manger, submitted a brief.

MR. JUSTICE MYERS delivered the opinion of the court.

This is a suit for foreclosure of mortgage on real estate. The appeal is from an order of the district court, refusing to grant an injunction *pendente lite,* in favor of Minnie H.

Bingham, a defendant, and against the plaintiff and Richard Manger and Clara Manger, other defendants.

Plaintiff is and was a national bank. April 11, 1924, for a valuable consideration, Minnie H. Bingham, a defendant herein, and Frank R. Bingham, her husband, executed and delivered to plaintiff their joint promissory note for the sum of $22,500, due six months after date, with interest, from date until paid, at the rate of eight per cent. per annum. To secure the payment thereof, the makers of the note executed and delivered to plaintiff a mortgage, duly acknowledged, upon certain real estate owned by them and situate in Meagher County. The mortgaged real estate consisted of two tracts. According to the records, one tract stood in the name of and was owned by Frank R. Bingham, while the other stood in the name of and was owned by Minnie H. Bingham. The tracts were adjacent to each other. The family home and place of residence of the Binghams, occupied by them, was on the tract owned by Frank R. Bingham. In addition to the ownership, of record, of the tract of land standing in his name, Frank R. Bingham was in possession of two tracts of land which he was holding under contract of purchase with the Northern Pacific Railway Company. The contracts were issued to him by the railway company. They called for time payments in installments. Part of the purchase price of each tract had been paid and other payments on each were not due. These tracts adjoined the other tracts. All were under fence and constituted the Bingham ranch. As further security for the payment of their note to plaintiff, the Binghams joined in assigning, in writing, duly acknowledged, to plaintiff those land contracts.

August 5, 1926, in the district court of Meagher County, plaintiff instituted this suit against Frank R. Bingham and Minnie H. Bingham for foreclosure of the mortgage executed by them to it and by it held. The complaint is in the usual form for foreclosure of real estate mortgage. In it is alleged the execution of the note and execution and recordation of the mort-

gage. It is alleged that, to secure further the payment of the note, the Binghams assigned to plaintiff, by absolute assignments in writing, the two land contracts, held by Frank R. Bingham, with the Northern Pacific Railway Company; that notwithstanding the assignments were absolute in form they were intended to be mortgages upon the interest of the Binghams in the land described in the contracts assigned. It is alleged that there is due, owing and unpaid, on the note of the Binghams, the sum of $10,566.25. The complaint closes with the usual prayer for judgment for the sum due, attorney fee and some expenditures and for foreclosure and decree of sale. Copies of the mortgage and the land contracts and the assignments of the contracts are attached.

Frank R. Bingham did not make appearance. Minnie H. Bingham served and filed a separate answer and cross-complaint. In it she admitted execution of note and mortgage and assignments of land contracts for the purpose alleged; denied anything was due, owing or unpaid on the note and alleged it had been paid in full. In a further separate answer and by way of cross-complaint and counterclaim, she alleged the execution and delivery of the note, and, in addition to the real estate mortgage and assignments of land contracts pleaded in the complaint, alleged the execution and delivery to plaintiff by the Binghams, as further security, of a chattel mortgage upon a lot of livestock owned by them and alleged that at different times plaintiff had sold certain of such livestock and converted to its use the proceeds thereof, which should have been applied to payment of the note, in the sum total of $13,773.01; that thereafter plaintiff wrongfully seized the remainder of the livestock and converted the same to its use, to the damage of Minnie H. Bingham in the sum of $15,000; that at the time thereof there was due on the note of the Binghams no more than $11,680.12 and that that much of the $15,000 of damage caused by plaintiff should be applied on the note and Minnie H. Bingham should have judgment against plaintiff for the balance thereof. It is prayed

that plaintiff take nothing and that Minnie H. Bingham have judgment against plaintiff for $3,319.88.

Thereafter, by leave of court, plaintiff served and filed an amended and supplemental complaint. In it is pleaded substantially all that was pleaded in the original complaint, except that the amount alleged to be due on the note is not so great; also, it is pleaded that, since the filing of the original complaint, Frank R. Bingham had become a voluntary bankrupt and that a trustee in bankruptcy had been appointed for him and had qualified and that plaintiff had filed with the referee in bankruptcy its claim of amount due on its note of the Binghams and the claim was allowed; that the trustee in bankruptcy had petitioned that the land of Frank R. Bingham, covered by the mortgage of the Binghams, be sold in bankruptcy proceeding, free and clear of liens, and that, by order of the referee, duly noticed, after being duly advertised, such land was sold by the trustee, free and clear of liens, to plaintiff, for the sum of $8,250, which sum was credited on the note of the Binghams; that the sale of the land was confirmed by the referee and deed to the land was executed to plaintiff by the trustee and by him delivered to plaintiff and the deed was recorded. It is alleged that there is due and unpaid on the note involved the sum of $2,729.30, with some interest thereon. The prayer asks judgment against Minnie H. Bingham for that sum and some expenditures, amounting in all to $2,892.67, and for an attorney fee and for foreclosure of the mortgage on the land owned by Minnie H. Bingham, described and designated in the pleading, and for decree of sale of her land only and the usual relief. Copies of mortgage, land contracts, assignments of the latter, all pertinent papers and proceedings in bankruptcy and deed of trustee in bankruptcy are attached.

Thereafter, Minnie H. Bingham served and filed a separate answer and cross-complaint to the amended and supplemental complaint. In it she admits, denies and alleges about as in her former answer, and, further, as to the bankruptcy pro-

ceedings alleged by plaintiff, admits the adjudication of Frank R. Bingham as a bankrupt and the appointment of a trustee in bankruptcy and denies the rest thereof. In a further separate answer and by way of cross-complaint and counter-claim, she alleges as before about the note, real estate mort-gage, land contracts, chattel mortgage, sale by plaintiff of some of livestock, conversion of proceeds, conversion of rest of livestock, damage in sum of $15,000, and claims, this time, as due her on account thereof, $4,929.14. In a further cross-complaint she sets up that she is the owner of a half interest in the land contracts with the Northern Pacific Railway Com-pany and that plaintiff has let the contracts become delinquent by not making payments called for therein; that Richard Manger and Clara Manger, husband and wife, claim some interest in such contracts and the land described therein and in the lands described in the real estate mortgage of the Binghams; that the Northern Pacific Railway Company and the Mangers are necessary and proper parties to the suit, in order that their rights may be determined. In a still further cross-complaint, she sets up that all lands involved in the suit are contiguous and constitute the ranch of the Binghams, used for stock-raising purposes and for a home. She then sets up that plaintiff and the Mangers wrongfully ejected her there-from and that it was done oppressively and maliciously, to her damage in the sum of $10,000 of actual damage and $5,000 of exemplary damage. She prays that plaintiff take nothing and for recovery of plaintiff of all due her on account of trans-actions between them and for judgment against plaintiff and the Mangers for all the damages alleged; that the railway company and the Mangers be made defendants; for a temporary injunction against plaintiff and the Mangers, enjoining them from interfering with the answering defendant in her posses-sion and use of the land involved and the dwelling-house thereon; that an order to show cause issue. In the title of the suit, at the head of this pleading, there were added, as de-

fendants, the names of Northern Pacific Railway Company, Richard Manger and Clara Manger.

A motion of plaintiff to strike from the answer and cross-complaint much thereof, including substantially all reference to the railway company and the Mangers and the alleged tort of plaintiff and the Mangers, was sustained.

Thereafter, Minnie H. Bingham served and filed an amended separate answer and cross-complaint. The first answer therein is about the same as the first answer of her original pleading in answer to the amended and supplemental complaint, except that she admits some of the bankruptcy proceedings and denies having any information or belief as to the rest thereof. In addition, she alleges the bankruptcy proceedings, as to the sale of Frank R. Bingham's land, were without jurisdiction and claims in the answering defendant an undivided one-half interest in and to such land of Frank R. Bingham and in and to the railroad land and she sets forth again that all of the lands constitute a livestock ranch of the Binghams, used and occupied by them, and that she was occupying the dwelling-house thereon; and alleges that Frank R. Bingham had filed a claim of homestead on a part of the land on which is the dwelling-house. For further answer and by way of cross-complaint and counterclaim, she reiterates about all that was in her last preceding pleading, including all that was stricken therefrom, and alleges more than before. She describes and designates the land owned by her. She alleges again her ejectment by plaintiff and the Mangers and says, unless restrained, they will keep her out of possession. She prays as before. This pleading named as defendants the same parties last named as defendants. She had issued on this pleading a summons, directed to the railway company and the Mangers. It was served on all of them.

Upon application of Minnie H. Bingham, October 25, 1927, there was issued by the judge of the district court, based upon her separate amended answer and cross-complaint, an order to show cause, directed to plaintiff and the Mangers, requiring

them to show cause on a day certain why a temporary injunction should not issue, to enjoin them from interfering with her occupancy of the land involved and the dwelling-house thereon. It was served on the parties to whom directed.

Plaintiff served and filed a motion to strike from the separate amended answer and cross-complaint substantially as before, assigning numerous grounds. The Mangers served and filed a motion to quash the summons served on them, assigning several grounds.

The order to show cause came on for hearing, November 1, 1927. All of the parties involved appeared by counsel.

The motion to strike and the motion to quash were called up and, over objection of Minnie H. Bingham, were taken up first by the court, for disposal. They were sustained.

The hearing upon the order to show cause then proceeded. It was heard altogether upon affidavits and documentary evidence. Counsel for Minnie H. Bingham offered in evidence the pleadings in the case, to be considered, he said, as affidavits, they being verified; also, the summonses issued. He offered, also, an affidavit of Minnie H. Bingham and an affidavit of F. W. Mettler. The county clerk of Meagher County identified certain recorded documents and instruments and they were introduced. Counsel for plaintiff offered certain affidavits. Counsel for Minnie H. Bingham then offered another affidavit made by her and a certificate of the clerk of the United States District Court for the District of Montana. Nearly all of the evidence offered was objected to and objections were overruled or the evidence, admitted, subject to the objection.

From all of the foregoing it is elicited that, after plaintiff had purchased, under order of sale, free and clear of liens, the land of Frank R. Bingham and had obtained the trustee's deed thereto, it conveyed the land, by deed, to the Mangers. Then plaintiff filed its amended and supplemental complaint, in which it entirely omitted from its plea for foreclosure and from the suit the land of Frank R. Bingham, purchased by.

plaintiff, in bankruptcy proceedings, and by it sold to the Mangers, crediting on the note involved the amount at which plaintiff bid in the land of Frank R. Bingham and which it agreed to pay therefor and suing for and asking judgment against Minnie H. Bingham in the sum of $2,729.30 and some expenditures, amounting in all to $2,892.67, and for an attorney fee and suing for and asking for foreclosure on the separate land of Minnie H. Bingham only and decree for sale thereof. It is gleaned that the dwelling-house of the Binghams is on that tract of land which was owned by Frank R. Bingham, bought in by plaintiff, sold to the Mangers and omitted from the foreclosure suit; that, when such tract was sold to the Mangers and they attempted to take possession of the land purchased by them, being the Frank R. Bingham tract, on which is the dwelling-house, Minnie H. Bingham was in possession thereof and in the dwelling-house and she refused to vacate; that the Mangers applied to the United States District Court for the District of Montana, vested with jurisdiction over bankruptcy proceedings, for a writ of assistance, to enable them to obtain possession of the land purchased by them; that it was issued and placed in the hands of the United States Marshal, who, through a deputy, armed with it, undertook to oust Minnie H. Bingham; that she resisted for some time but finally vacated; that, later, in some way, she again obtained possession and re-entered; that an alias writ of assistance was procured from the federal court and by means of it she was evicted and is now out and the Mangers are in possession of the land purchased by them, including the dwelling-house. Minnie H. Bingham then procured the order of the trial court to show cause, directed to plaintiff and the Mangers, seeking to enjoin them *pendente lite* from further interfering with her possession. After hearing had, the court denied the application for an injunction.

Beyond that there is in the record a lot about application of Minnie H. Bingham for a default against plaintiff, for alleged failure to plead in reply to the amended separate

answer and cross-complaint of Minnie H. Bingham; the entry by the clerk of such a default; order of the trial court, giving plaintiff time to plead further to such separate answer and cross-complaint, after disposition of its motion to strike therefrom; the filing by plaintiff of a reply thereto; motion of Minnie H. Bingham to strike from the files such reply; motion of plaintiff to vacate the default so entered against it; orders of court, refusing to strike such reply and vacating such default; and other matters pertaining to the pleadings and orders of the court. We do not consider that these matters have any bearing upon the question presented by this appeal.

Minnie H. Bingham appealed from the order of the trial court, denying her application for a temporary injunction, and she assigns a number of specifications of error. The only one we deem it necessary to consider is the one last enumerated: "The Court erred in making and entering its order denying the application of the defendant, Minnie H. Bingham, for a temporary injunction."

At the outset, we are confronted by a motion of plaintiff to strike from the record the bill of exceptions. At the time of the settlement of the bill of exceptions by the judge of the trial court, plaintiff, by counsel, objected, on grounds then assigned, to settlement and the judge settled and signed the bill, subject to the objection. After the appeal of Minnie H. Bingham, plaintiff, by counsel, moved this court to strike the bill of exceptions, on the grounds assigned below. The motion was taken under advisement, to be disposed of after oral argument thereon, as well as upon the merits of the appeal. The motion involves a matter of procedure and it may be questionable if the motion is not well grounded but, in view of the conclusion at which we have arrived upon the merits of the appeal, we prefer to pass over the motion and render our decision upon the merits of the issue presented upon appeal.

The one question presented to us is: Is the trial court in error in having denied the application of Minnie H. Bing-

ham for an injunction *pendente lite* against plaintiff and the Mangers? As to all of the matters of pleading and practice set forth in the record, subsequent to settlement of the bill of exceptions, they can be reviewed upon appeal from a final judgment in the case, when one shall have been rendered and entered, but they have no place in this appeal. So it is with numerous rulings of the trial court, of which counsel for Minnie H. Bingham complains, such as that striking out much of her separate amended answer and cross-complaint, that quashing the summons directed to and served on the Mangers, and other rulings upon matters of pleading and practice or upon questions of law raised. They may be reviewed upon appeal from a final judgment. (Sec. 9750, Rev. Codes, 1921.) That will be the time and place of settling them; not here. Therefore, we address ourselves to the sole question now presented to us, as above stated.

It appears from the evidence submitted at the hearing and it may be gathered from the entire record that the Mangers have sought and are seeking to obtain and hold possession of that land only which they purchased from plaintiff, i. e., the Frank R. Bingham tract, on which is situate the dwelling-house. It is the land which stood in the name of Frank R. Bingham and which, by order of the referee in bankruptcy, was sold and deeded by the trustee in bankruptcy to plaintiff and was by plaintiff sold and conveyed to the Mangers. It is the only land in dispute, as to right of possession thereof, and it has been omitted from plaintiff's foreclosure suit. It is plain that the Mangers are not and plaintiff is not seeking and no one of them has sought to oust Minnie H. Bingham from possession of her individual land, the only land now involved in plaintiff's foreclosure suit, and that there is no dispute whatever of her right to retain possession of it, pending the litigation; plain that the Mangers want possession only of the land purchased by them, not of Minnie H. Bingham's land; and the tracts are not inseparable.

We have then this situation: Plaintiff had a note and real estate mortgage of the Binghams; of record, the Binghams severally owned separate ,tracts of land; Frank R. Bingham owned one tract and Minnie H. Bingham owned another; they adjoined, constituting one ranch; the home was and is on the tract owned by Frank R. Bingham; both tracts were included in the mortgage; plaintiff brought suit against the Binghams, alleging so much due, to foreclose its mortgage, in which it asked judgment against both defendants and foreclosure on both tracts of land; by leave of court, it filed an amended and supplemental complaint, alleging a much less sum due, in which it asked judgment for that sum against Minnie H. Bingham alone and foreclosure on her land only; the land of Frank R. Bingham was left out of it; the only land now involved in the suit is that of Minnie H. Bingham; she complains that plaintiff and the Mangers are interfering with her possession of land not involved in the suit; she wants an injunction *pendente lite* against them, enjoining them from doing so.

Plaintiff had a right to file an amended and supplemental complaint. (Secs. 9186, 9181, Revised Codes, 1921.) It could be both an amended complaint and a supplemental complaint in one pleading. (1 Bancroft's Code Pleading, 660.) Therein, it could ask for relief different than at first. (Id. 662.) The new complaint was not only supplemental but it was an amended pleading. When an amended pleading is filed it supersedes the original and the latter at once becomes *functus officio*. (*Berne* v. *Stevens,* 67 Mont. 254, 215 Pac. 803.) The original ceases to perform any function as a pleading. (1 Bancroft's Code Pleading, 810.) Therefore, the only complaint now in this case is the amended and supplemental complaint. It stands alone. That being so, plaintiff holding a mortgage on two tracts of land, owned by different persons and given to secure their joint note, sues to obtain judgment for amount due against only one of them and to

foreclose on only one of the tracts of land, that owned by the person against whom judgment is sought. We know of no reason why it may not do so. However, if Minnie H. Bingham may object to a suit looking to her alone for judgment, that is an objection to be taken advantage of by special demurrer, under subdivision 4 of section 9131, Revised Codes, 1921; or if she may consider the complaint does not state a cause of action against her alone, by general demurrer, under subdivision 6 of that section. Ruling of the trial court thereon could be reviewed upon appeal from a final judgment. (Sec. 9750, supra.) Plaintiff certainly had a right to seek foreclosure on only a part of the mortgaged land, if it deemed that part sufficient to pay the debt remaining due or if, for any other cause, it preferred not to seek foreclosure on all, and to waive its lien, if it may have any, on the rest of the land. In that event, of course, it is forever barred from afterward seeking foreclosure on the remainder, even if it might have had a right to forclose on all in the beginning. (4 Bancroft's Code Pleading, 3364.) It may not split its cause of action or sue by piecemeal. (Bliss on Code Pleading, 3d ed., 199.)

Now, we have plaintiff seeking foreclosure of a mortgage on Minnie H. Bingham's land and she seeks an injunction to prevent the plaintiff and two other persons from interfering with her possession of another piece of land, not involved in the suit. We consider the matter too plain to be questionable. It is elementary that an injunction may be granted only in a matter connected with the subject matter of the action in which it is sought. An injunction may not be granted with relation to something not connected with the subject matter of the action. (Subd. 3, sec. 9243, Rev. Codes, 1921; 32 C. J. 20.) The subject matter of this suit is an alleged indebtedness of Minnie H. Bingham and the land of Minnie H. Bingham, foreclosure of which under mortgage is sought. The very object of the suit, its subject matter, is to obtain a judgment against Minnie H. Bingham and, by foreclosure, subject her land (but not the land as to which an in-

junction is sought) to payment thereof. (*Bulwer Con. Min. Co.* v. *Standard Con. Min. Co.*, 83 Cal. 589, 23 Pac. 1102; *Hurd* v. *Case*, 32 Ill. 45, 83 Am. Dec. 249; *Horne* v. *City of Buffalo*, 49 Hun, 76, 1 N. Y. Supp. 801; *McKinney* v. *Collins*, 88 N. Y. 216; *Barrett* v. *Watts*, 13 S. C. 441.)

We do not see that the land at one time in the name of Frank R. Bingham has any connection with this suit to foreclose on Minnie H. Bingham's land. So far as concerns this suit, it matters not who owns or claims or has an interest in the land that at one time was in the name of Frank R. Bingham nor who may now be contending for possession thereof. All thereof is foreign and unrelated to the question at issue in this suit, viz.: Shall plaintiff be allowed to foreclose on the land of Minnie H. Bingham?

Minnie H. Bingham claims now to have some interest in the Frank R. Bingham land and claims the bankruptcy sale thereof was void. Those claims can be tested in a suit by her to quiet title. Title to or right of possession of real estate is not triable by injunction (*Blinn* v. *Hutterische Society*, 58 Mont. 542, 194 Pac. 140) and injunction is not a proper remedy for trespass on real estate unless the trespass be accompanied by injury which is irreparable or is in the nature of waste and goes to the destruction of the estate. (*King* v. *Mullins*, 27 Mont. 364, 71 Pac. 155.)

If connected with subject matter of suit, the granting of or refusal to grant an injunction *pendente lite* is vested largely in the sound legal discretion of the trial court and the exercise thereof will not be disturbed unless there be manifest abuse of discretion. (*Rea Bros. Sheep Co.* v. *Rudi*, 46 Mont. 149, 127 Pac. 85; *Lowery* v. *Cole*, 47 Mont. 64, 130 Pac. 410; *Atkinson* v. *Roosevelt County*, 66 Mont. 411, 214 Pac. 74.)

In this case, however, we do not believe there was any room for the exercise of discretion; we do not believe the trial court had any right to grant an injunction. Counsel for Minnie H. Bingham raises many questions and urges many contentions but the most of them we consider far afield from the sole

question presented upon this appeal. All matters complained of, other than it, may be reviewed and determined upon appeal from a final judgment in the cause, the proper method therefor.

Finding no error in the order from which this appeal was taken, it is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES STARK, MATTHEWS and GALEN concur.