ALFRED G. SPAETH, Plaintiff and Appellant, v. BEA-
TRICE EMMETT, Administratrix of the Estate of
DEWEY EMMETT, Deceased, and DEWEY D. EMMETT,
Defendants and Respondents.

No. 10456

Submitted March 20, 1963. Decided July 23, 1963.

383 P.2d 812.

J. H. McAlear (argued orally), Red Lodge, Blenkner & Blenkner, E. A. Blenkner (argued orally), Columbus, for appellant.

Wiggenhorn, Hutton, Schlitz & Sheehy, John M. Schlitz (argued orally), Billings, for respondents.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This is an appeal from a judgment and decree in favor of defendants entered pursuant to the district court's findings of fact and conclusions of law.

The action concerns water and ditch rights on two adjoining tracts of land. One of the tracts, which for purposes of clarity we will call the Barnum tract, is now owned by plaintiff, appellant here. The other tract is owned by defendants, re-

spondents here, and that tract will be called the Spaeth-Emmett tract.

Defendant, Dewey Emmett, died after the action was commenced and his widow as administratrix of his estate has been substituted as a party defendant.

The action was brought by appellant to recover damages for alleged trespasses and the exercise of dominion by respondents over appellant's irrigation ditch and water. Appellant alleged that the trespasses were malicious and prayed for punitive damages. Appellant also asked that the respondents be restrained from future trespasses.

Respondents filed a cross-complaint alleging that a certain portion of the waters in the said ditch had been used upon respondents' land and had thereby become proportionately appurtenant thereto. Respondents alleged that appellant had prevented respondents from irrigating their land with water, and asked for damages. Respondents also prayed for punitive damages and an injunction enjoining appellant from interfering with the water and respondents' access thereto. No damages were found by the trial court, and no problem on that phase is dealt with herein.

A. L. Spaeth and his three sons farmed a tract of land in Carbon County, which tract we have designated the Spaeth-Emmett tract. In October 1935, the elder Mr. Spaeth purchased from one Barnum a southern adjoining tract which we have designated the Barnum tract. At that time approximately seven acres on the east end of the Barnum tract were irrigated by a water right which was diverted at a point not on the tract from an unnamed creek and carried to the land through a ditch.

For many years prior to this time the elder Spaeth irrigated the east side of his tract, the Spaeth-Emmett tract, with decreed Rock Creek water which flowed a portion of the distance to the irrigated land through a wooden flume. The significance of the flume will be shown later.

After the purchase of the Barnum tract the unnamed creek

water ditch, which extended across the east side of the Barnum tract and terminated at the boundary between the Barnum and Spaeth-Emmett tract, was extended across the boundary and connected to a system of ditches on the east end of the Spaeth-Emmett tract. There is a conflict in the evidence upon the issue of when the ditch was extended. In finding of fact 13 the trial court found that from 1935 through 1957 the water was used upon the Spaeth-Emmett tract. This indicates that the ditch was extended in 1935 or earlier. However, the evidence shows that, at the earliest, the ditch was not extended across the boundary until 1936. Plaintiff contends that the ditch was not extended until around 1939 because the flume that conveyed Rock Creek water did not become entirely unusable until 1939, and the reason for the extension of the ditch was to use water from the Barnum tract instead of the Rock Creek water which could not then be used on the east end because of the condition of the wooden flume.

The elder Spaeth died in 1943. In 1936 he executed a quit claim deed of the Barnum tract to his three sons, one of whom is the appellant. The deed was placed in a bank safe deposit box to which all of the family had access. It was not recorded until after Mr. Spaeth's death. Appellant is now the owner of the Barnum tract, having purchased his brothers' interests.

A warranty deed of the Spaeth-Emmett tract from the elder Spaeth to his wife and dated before his death was not recorded until after his death. Respondents own the Spaeth-Emmett tract by way of a conveyance from Mrs. Spaeth.

The trial court concluded that when the elder Spaeth, as the owner of all of the land involved (both tracts), conveyed the Barnum tract to his three sons, by operation of law, he conveyed only such a proportion of the waters of the unnamed creek as the acres irrigated with the water on the land conveyed bore to the whole number of acres irrigated by the water, or 7/47ths thereof. Further, that, by operation of law, he reserved as an appurtenance to his remaining land such propor-

tion of the waters of said creek as the acres irrigated on his retained land bore to the whole number of acres irrigated by and with the waters of the unnamed creek or 40/47th thereof.

Appellant sets out nineteen specifications of error, all assailing the correctness of the trial court's findings of fact and conclusions of law.

Without ignoring the specifications we will consider the case by reviewing all questions of fact and of law that arise from the evidence presented in the record, R.C.M.1947, § 93-216; Mountain States Telephone and Telegraph Co. v. Public Service Comm., 135 Mont. 170, 338 P.2d 1044, and "if the result reached by the trial court is correct, it will be upheld regardless of the reasons given for the conclusion." Johnstone v. Sanborn, 138 Mont. 467, 471, 358 P.2d 399, 401.

The specification of error can be considered under the following questions: (1) whether or not respondents have any rights in the ditch across appellant's land (Barnum tract); and (2) whether or not respondents have, as the court below concluded, any right to a portion of the water right from the unnamed creek. The answer to that question depends upon the answer to the question of whether or not the water right from the unnamed creek was appurtenant to all of the land at the time of the severance into two tracts. We will consider the latter question first.

An owner of a water right may change the place of use thereof if the change does not injure the rights of subsequent appropriators. R.C.M.1947, § 89-803; Quigley v. McIntosh, 110 Mont. 495, 103 P.2d 1067. There is no evidence in the record to indicate that the change of water from use on the Barnum tract to use on both tracts was improper under the circumstances.

Revised Codes of Montana 1947, section 67-211, provides that:

"A thing is deemed to be incidental or appurtenant to land when it is by right used with the land for its benefit, as in the

case of a way, or watercourse, or of a passage for light, air, or heat from or across the land of another."

While the Barnum and Spaeth-Emmett tracts were under one title, the unnamed creek water right was used with and for the benefit of the land. The water right became appurtenant to the Spaeth-Emmett tract in addition to the Barnum tract.

The evidence, then, is that the water right became appurtenant to both tracts prior to the alienation of the Barnum tract to the Spaeth boys. For a discussion upon the subject of water rights as appurtenances to land, see Smith v. Denniff, 24 Mont. 20, 60 P. 398, 81 Am.St.Rep. 408, 50 L.R.A. 737, 741. Thus, we have a situation wherein a water right, which was appurtenant to a tract of land, has been used by the purchaser thereof upon his adjoining tract with the result that the water right became appurtenant to all the land.

The question then is whether or not upon the division of the tracts the appurtenant water right was proportionately divided. One rule is that when an owner of a tract of land with an appurtenant water right grants a portion of the tract without any express division or reservation, the water right will be divided in the same proportion that the conveyance of a part effectuates a division of the land to which the water right is appurtenant. Russell v. Irish, 20 Idaho 194, 118 P. 501. We agree with the aforementioned rule but only insofar as it rules that upon a division of a tract of land with an appurtenant water right, without an express reservation to the contrary in the dividing grant, the water right is also severed.

The following language taken from Bullerdick v. Hernsmeyer, 32 Mont. 541, 553, 81 P. 334, 337, indicates what the rule is in Montana:

"* * * Being appurtenant to the lands owned by him, and the parties having acquired them in separate parcels, they each became vested with an interest in the water, measured in amount

by the requirements in each case, whether they may technically be designated as tenants in common or not."

We hold that when an owner of a tract of land with an appurtenant water right grants a portion of the tract without any express division or reservation, the appurtenant water right is divided in respective amounts to each tract measured in proportion as the number of acres irrigated with the water right on the land conveyed bears to the total number of acres irrigated by the water.

In the present case the district court divided the water as provided in the aforementioned rule. Such a conclusion was correct. But, appellant argues, the effect of the court's decision is to impress a servitude of a ditch on the land of appellant where none existed before. That result is not strange when the doctrine of easements by implication is considered. This court in Pioneer Mining Co. v. Bannack Gold Mining Co., 60 Mont. 254, 198 P. 748, recognized as an implied easement by reservation the right to convey water across the lands of a grantee, or the right to erect and maintain a flume thereon. In McPherson v. Monegan, 120 Mont. 454, 187 P.2d 542, we upheld an implied easement of a road under R.C.M.1947, § 67-1607 [then § 6865, Rev.Codes 1935]. See also Yegen v. Cardwell, 133 Mont. 236, 321 P.2d 1077. A careful reading of section 67-1607, supra, indicates that it sets forth the rule on implied easements in a situation wherein a dominant tenement is conveyed and a servient tenement is retained. However, we see no reason why the doctrine of implied easements by reservation should not apply when the servient tenement is conveyed. See Pioneer Mining Co. v. Bannack Gold Mining Co., supra. In the instant case the servient tenement, the Barnum tract, was severed and the dominant tenement, the Spaeth-Emmett tract, retained by the grantor, the elder Spaeth. By implication the elder Mr. Spaeth reserved a ditch easement across the Barnum tract. We hold that respondents have a ditch easement across appellant's land

for the purpose of conveying their portion of the unnamed creek water right. Such was the conclusion of the district court.

For the foregoing reasons the judgment of the district court is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES DOYLE and JOHN C. HARRISON, concur.

MR. JUSTICE ADAIR dissenting.

Unable to agree with the foregoing majority opinion I respectfully dissent thereto.