STATE ex rel. PETERSON, Relator, *v.* DISTRICT COURT
et al., Respondents.

(No. 7,917.)

(Submitted January 4, 1939.   Decided January 12, 1939.)

[86 Pac. (2d) 403.]

*Messrs. Molumby, Busha & Greenan,* for Relator, submitted a brief; *Mr. L. J. Molumby* argued the cause orally.

*Mr. Louis P. Donovan,* for Respondents, submitted a brief, and argued the cause orally.

HONORABLE CHARLES B. ELWELL, District Judge, sitting in place of Mr. Justice Morris, absent on account of illness, delivered the opinion of the court.

This is an application for a writ of supervisory control seeking to control the action of the district court in and for the county of Teton, and involves the following facts:

At the general election held in Teton county, Montana, on the 8th day of November, 1938, Albert O. Peterson was a candidate for election to the office of sheriff on the Republican ticket, and J. L. "Shell" Billings was a candidate for the same office on the Independent ticket. The original count by the precinct officials and the original canvass of votes showed Peterson to be the successful candidate for that office. Thereafter proceedings were instituted by Billings for a recount under the provisions of sections 828.1 et seq., Revised Codes. The board of county canvassers was ordered to convene and make a recount of certain precincts, which it proceeded to do with the result that Billings was declared elected and a certificate of election issued to him.

Thereafter an application for a recount was filed in the district court of Teton county by Peterson, asking for a recount in substantially all the remaining precincts, with the result that a recount was ordered in such precincts. At the conclusion of such recount the board of county canvassers announced the result of its recount showing that Billings was the successful candidate, declaring that the certificate of election theretofore issued to Billings was valid.

It appears that in the order directing the board of county canvassers to convene and make the first recount, the court made an order relative to the counting of certain ballots marked in a specified manner, and in the stipulation of facts filed in this court, the following appears: "It is agreed between the parties hereto that each of the ballots hereinabove referred to were brought by the county canvassing board to the attention of the district court or judge thereof for advice as to whether or not the ballot was a valid ballot, and in regard to each of said ballots the respondent court or judge advised the county board of canvassers in regard to the validity or invalidity of the ballots in question, but did not order or direct the county board of canvassers to count or not count such ballot but merely advised the board in regard thereto; but in each instance the board followed the advice so given and counted or refused to count the ballot according to such advice."

A motion to quash the writ and an answer were filed; also a stipulation of facts as above indicated.

The statute under consideration was enacted as Chapter 27 of the Laws of 1935, and now appears as sections 828.1 et seq. of the 1935 Codes. It is true that in the course of its incorporation in the 1935 Codes it appears under the heading "Contesting Elections," but it is in no sense of the word a contest statute. (See *State ex rel. Ainsworth* v. *District Court*, ante, p. 370, 86 Pac. (2d) 5.) It is a recount statute, and it is absolutely independent of the law relating to the contesting of elections, and either or both remedies are still available.

The recount statute provides for the application by the unsuccessful candidate to the district court of the county wherein

the recount is desired for an order directed to the canvassing board of the county to make a recount of the votes cast at an election in any or all of the voting precincts. Provision is then made that, if there is probable cause for believing that the judges and clerks of election did not correctly count or ascertain the number of votes cast for applicant, the court then makes an order requiring the board of county canvassers to meet at a specified time as a canvassing board and to recount the ballots cast at the election precinct or precincts specified in the order.

Section 828.1 makes it the duty of the board to convene and count the votes, and specifies the manner in which the recount shall be conducted by the board, how the record of such recount shall be made, and that upon its completion the ballots shall thereupon be again enclosed in the same package or envelope in which they were placed by the judge of election, and, in the presence of the county clerk and the canvassing board, again sealed and again delivered into the custody of the county clerk. It also provides for the entry upon the record of the board, of the result of the election as determined by the recount, and the making and delivery of a certificate of election in conformity with the result ascertained by such recount.

The law thus specifically divides the functions of the court and the canvassing board. The court determines the grounds of and necessity for a recount, and orders it done. The canvassing board is entrusted with the duty of making the recount, just as the judges and clerks of election are entrusted with the duty of making the count and certifying thereto in the first place.

We are confronted at the beginning with the contention that the court was without authority to order the second recount. While a decision on the point is not necessary, we deem it advisable for the purpose of the future application of this law to decide this point. The first recount was ordered on the application of Billings, who was the unsuccessful candidate according to the official canvass of the returns. That recount showed him to be the successful candidate, and for the first

time his opponent, Peterson, became the unsuccessful candidate. He thereupon asked for a recount as to other precincts not asked for or included in the original order for recount. He did this within five days after the making of the findings and return of the first recount, but of necessity more than five days had elapsed since the original canvass of the election returns. As far as Peterson was concerned, he had no right to make such application for recount under the above statute until he was shown to be the unsuccessful candidate; and when he became a person entitled to the benefit of the recount law, it would be unjust and a folly to declare that the statute of limitations contained in that law should start to run from a time when he had not the right to make his request for such an order. It is our holding that he had the right to make such a request or petition, and that his right dated from the time when the board of canvassers, after acting as a recount board, in effect necessarily made a corrected canvass as a prerequisite to the issuance of the new certificate of election, and declared him to be the unsuccessful candidate.

The real question presented to this court relates to the functions to be performed by the district judge in the recount and by the canvassing board, and to what extent the district court and eventually this court may control the functions and duties assigned to the canvassing board.

Bearing in mind that this is not a contest, and that the canvassing board is simply directed to recount the ballots, we find that this is a different and additional remedy to that provided for in the contest law. Before the passage of this recount law, there was no provision by which the votes of any one or more precincts could be opened up except on a contest. The first duty of counting the ballots rests upon the judges and clerks of election. They are under no control other than the right to compel them to count and make a return. In the recount, a different body—this time the county commissioners acting as the county canvassing board—does the counting, and the method of making the count is provided by statute, just as the method of making the count by the original precinct judges and

clerks is provided by statute. (See *State ex rel. Ainsworth* v. *District Court,* supra.) It is not directed to be made in the presence of the court; the court is not required to be present either at the time the count is made, or at the time the result is ascertained, or the necessary certificate is made by the canvassing board. The canvassing board is not required to ask the advice of anyone. As a board of county commissioners it is the canvassing board, and it has a legal adviser, the county attorney, but there is no law which compels the board either to seek or follow his advice. The court has the power to order the count, to set the time and place therefor; certain persons must be allowed to be present; the result must be ascertained and made a matter of record, and if the results require it certain certificates must be issued. The court retains jurisdiction under section 828.3 until all these things are completed, and may compel the board to assemble and proceed with the count, to permit the attendance of the persons designated by the statute, to tabulate, announce and record the results obtained, and, if the issuance of a certificate of election be required by the results, the court may compel the board to issue such certificate. That is all the law gives to the court the power to compel. It cannot compel the board to permit the court to do the counting, and to allow the court to direct and order the count and the tabulation thereof would be equivalent to the court making the count itself, and would render meaningless the directions given by the law to the board of canvassers and the powers and duties therein conferred upon it.

This court has repeatedly held that a court will not substitute its discretion for the discretion of an officer, board or body within the scope of his or its authority specifically granted by legislative Act. (*Fulmer* v. *Board of Railroad Commrs.,* 96 Mont. 22, 28 Pac. (2d) 849; *Freeman* v. *Board of Adjustment,* 97 Mont. 342, 34 Pac. (2d) 534; *State ex rel. North American Life Ins. Co.* v. *District Court,* 97 Mont. 523, 37 Pac. (2d) 329; *State ex rel. Holt* v. *District Court,* 103 Mont. 438, 63 Pac. (2d) 1026; *State* v. *Healow,* 98 Mont. 177, 38 Pac. (2d) 285;

*State ex rel. DuFresne* v. *Leslie,* 100 Mont. 449, 50 Pac. (2d) 959, 101 A. L. R. 1329.)

It is not a judicial function either to legislate or control the discretion of executive branches, and thus usurp the powers and functions of the legislative or executive branch of the government. In both *State* v. *Healow* and *State ex rel. Holt* v. *District Court,* supra, the court held that it was the duty of the administrative officers affected to "hear all, view all, consider all, and then decide." These things the court can undoubtedly compel them to do, but the court cannot compel them to decide in any certain way, unless the power to review their actions is vested in the court by the legislature.

It is argued that the district court had given certain directions to the board of canvassers, and that such directions or suggestions have quite likely been followed, and that such directions and suggestions were erroneous, and we therefore should take charge of the situation and give to the board of canvassers our directions or suggestions, and that quite likely the board would then follow our directions. In short, we are asked to examine some 43 separate ballots and state to the board of canvassers what its action on each particular ballot should be. In reality we are asked to control the canvassing board indirectly through the district court. This would be in effect imposing our views and our discretion upon the board of canvassers in lieu of the views and discretion of the district court. No one has any right to impose his views or discretion upon the board of canvassers in the performance of its duties under this law, and two wrongs will certainly not make a right. If we gave the canvassers any suggestions or instructions, we would be in duty bound to say to them that they were not compelled to follow them, and we must decline to do anything so obviously useless.

Our attention has been directed to the case of *State ex rel. Riley* v. *District Court,* 103 Mont. 576, 64 Pac. (2d) 115, as authority for this court interfering with the discretion and ministerial functions vested in the canvassing board. If such a construction be placed on the language of that decision, then it

is clearly erroneous and is hereby overruled. The record shows that the district court in the *Riley Case*, in response to an inquiry as to how to proceed, did call the attention of the canvassing board to certain sections of our Code. As far as the record shows, this did not affect the result of the count or amount to the imposing of the court's judgment upon the canvassing board, but nevertheless we assert for future guidance in such cases that it was no part of its duty or right to act as an adviser of the canvassing board.

A contest proceeding has been instituted in this matter. This remedy was, of course, open to the relator, and he has the opportunity to present to the courts of this state, in an action and in a manner authorized by law, every question he here attempts to present to the court in a proceeding in which it does not possess authority.

The motion to quash the alternative writ of supervisory control heretofore issued is granted and the proceeding dismissed.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES STEWART, ANGSTMAN and ERICKSON °concur.