In the matter of the ESTATE of FRED W. JENSEN, Deceased.

No. 11551.
Submitted March 10, 1969.
Decided March 27, 1969.
452 P.2d 418.

Church, Harris, Johnson & Williams, Great Falls, Cresap S. McCracken (argued), Great Falls, for appellant.

Loren J. O'Toole (argued), Plentywood, Charles A. Smith (argued), Helena, for respondent.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

This is an appeal from an order determining heirship and construction of will entered in the estate of Fred W. Jensen, deceased, in the district court of Daniels County.

Fred W. Jensen was a single man, departing this life on June 26, 1966. He left a holographic will dated November 2, 1955, which was admitted to probate on August 23, 1966. The will is in this form:

NAVAJO MONT
Nov 2 - 1955

if I should due I hirely Will
my different property to the
following persons to my brothers
and sister or these children if
my brothers or sister is dead is dead
5 brother and one sister 2000 ea
                    all dead
with Fanny K Gunderson what
is left of Morgage on James
Cavanaugh house Milton
Gunderson 1000 ea John W Gunderson
children 1000 ea Lagene Hatfield
children 1000 ea Le Lumundson
1000 ea if any is left to divide
by 1/9 to all of them more or
less after expenses $1000 ea
James Cavanaugh girl Katy    Nov 2 - 1955
3 gr. ch.

Fred W. Jensen

All brothers and the sister of decedent had died and the only
children left surviving were those of John P. Jensen, a deceased
brother, being Katherine E. Amundson, Helen L. Anderson,
and John W. Jensen, and they would be the nieces and nephew
of decedent. No other persons mentioned in the will bear any

relationship to decedent. Decedent at the time of his death retained a personal fondness and association with John W. Gunderson, Eugene Hatfield and James Cavanaugh equally.

On February 6, 1968, Loren J. O'Toole, attorney for Kathleen Patricia Cavanaugh, on her behalf filed a petition for determination of heirship and construction of will wherein it was alleged that various questions had arisen and various contentions had been made concerning the construction, validity and legal effect of certain provisions of the will; that it was the position of petitioner that she was entitled to $1,000 and in addition to 1/17th of the residue; that it was impossible for the estate to be distributed or further proceedings to be had without interpretation and construction of the provisions of the will; petitioner prayed for a decree determining the validity and construction of the will and that she was entitled to the sum of $1,000 and in addition 1/17th of the residue of the estate after expenses.

The court issued an order to show cause fixing a date for hearing and upon that date all the devisees and legatees appeared by counsel and it was stipulated that petitioner Cavanaugh was entitled to the sum of $1,000 and, in addition thereto, entitled to a share in the residue.

It was further agreed that the issues before the court for decision would be, first, as to the specifically mentioned bequests to the children of John W. Gunderson, $1,000, and to the children of Eugene Hatfield, $1,000, how were these bequests to be construed, were the children to individually receive $1,000 each or would they collectively receive $1,000.

Then, secondly, the court had to determine whether the residue of the estate should be divided on the basis of 1/9th shares, with the Hatfield children and the Gunderson children being determined to be a class, or whether it should be divided on a 1/17th share basis with the Gunderson and Hatfield children sharing equally in the residue with the other devisees and legatees.

On July 30, 1968, the court entered an order determining

heirship and construction of will in which it held that as to the John W. Gunderson children and the Eugene Hatfield children the bequests to them were class bequests to the members jointly. As to the division of the residue the court treated each of the three Gunderson children and each of the 7 Hatfield children as individuals entitled to participate equally in the residue of the estate with the others.

From this order all devisees and legatees have appealed except the petitioner Cavanaugh and the Hatfield children.

There is but one issue raised, that having to do with the distribution of the residue, and as appellants put the issue: "Did the district court err by dividing the residue of the estate in a manner contrary to the scheme of the will apparent in the pattern established by specific bequests when the residuary provision is capable of interpretation only by reference to the specific bequests?"

Appellants concede that the district court's decision with reference to the specific bequests that the children were classes was correct.

The thrust of appellants' argument is that the residuary clause in the will, standing alone, makes no sense. That it can be interpreted, as appellants see it, only by reference to the provisions for the specific bequests. They interpret the words "to all of them" as referring back to the specific bequests. Also appellants insist that by the use of the words "to divide by % to all of them more or less" decedent did not intend an even distribution. Thus, according to appellants, under section 9-209, R.C.M.1947, some functions must be assigned to these expressions. This section reads:

"*Words to receive an operative construction.* The words of a will are to receive an interpretation which will give to every expression some effect, rather than one which will render any of the expressions inoperative."

Appellants also contend that the interpretation which they

seek would favor members of the family as opposed to strangers to the blood.

As to this latter contention respondents counter with the argument that there is no evidence of an intent on the part of the testator to prefer members of the family in that the only living relatives of the decedent taking under the will, the nieces and nephew, were not even referred to in the will by name. Further, that the district court held that these relatives were also a class and that the $2,000 bequest to them amounted to a class gift to them jointly. Respondents also call attention to the fact that the husband of one of the nieces, L. E. Amundson, will recieve a larger share from the specific bequests than does his wife in that he will receive $1,000 while his wife will receive but $666.66. Respondents further state that a presumption exists in favor of equal distribution of the residue because there is no evidence of any reason for the testator to prefer one beneficiary over the other in the distribution of the residue.

As we commence our consideration of this appeal we are reminded by respondents that the findings and decision of the district court are presumed to be correct and that the burden is on the appellants to overcome that presumption. Citing Nissen v. Western Const. Equip. Co., 133 Mont. 143, 320 P.2d 997; Christensen v. Hunt, 147 Mont. 484, 414 P.2d 648. However, in this case there were no witnesses to observe on the stand since no testimony was offered and the district court made its findings solely from stipulations of counsel and documents in the court record. As we stated in Kostbade v. Metier, 150 Mont. 139, 439 P.2d 382: "In this instance we are free to make our own examination of the entire case and to make a determination in accordance with what we find."

Considering now appellants' arguments: At the outset none of the surviving relatives of decedent resided in the State of Montana at the time of his death, one of the nieces and the nephew lived in the State of Oregon, the other niece in the State of Washington. Except for L. E. Amundson, husband

of a niece, who resided in Oregon, and the two older Hatfield girls, both of whom still resided in Montana, all the other persons named in the will or referred to as children lived at or in the vicinity of Flaxville, Montana, the vicinity which was the residence of the testator. The town of Flaxville proper, by the 1960 census, had a population of 262. Navajo is but a few miles east of Flaxville where the lands owned by the testator were located.

It is interesting to note that the testator made no provision in his will for his three close friends, John W. Gunderson, Eugene Hatfield and James Cavanaugh, but he did make provision for the children of each of them. When Fred Jensen wrote his will he was 67 years of age; at the ttime of his death he was about 78 years of age. At some time between 1955 and 1966 he had inserted in his will the Cavanaugh girl and while no issue has been raised as to such insertion it does indicate that Jensen was still thinking about the children of his old friends when he made that insertion as he had been in 1955 when he wrote his will. It does not appear unusual that one who was 67 years of age and single would become attached to children of old friends, as a matter of fact it would appear to be natural. Another assumption that would appear reasonable would be that Jensen could not remember the individual names of the children, even grandparents have this failing.

As to the words ''to all of them'', even if one concedes that reference must be had to the specific bequests, the intent of the testator is to be found from the entire instrument. Sections 91-202, 91-205, and 91-207, R.C.M.1947; in re Spriggs' Estate, 70 Mont. 272, 225 P. 617; In re Effertz' Estate, 123 Mont. 45, 207 P.2d 1151, 11 A.L.R.2d 1278.

When we consider the effect of the words ''more or less'', while appellants  contend that by the use of these words the testator did not intend to make an even distribution, we are confronted with an elderly man who had observed the increasing families of his old friends at the time he wrote his will. Peggy

Gunderson was approximately one year old at that time; Jacqueline Hatfield was approximately four years old and Kathleen Cavanaugh was approximately seven years old. As to the ages of their parents when the will was written, there is nothing in the record as to James Cavanaugh but John W. Gunderson was approximately 32 years old and Eugene Hatfield was approximately 34 years old. While the wives' ages do not appear it would appear to be a natural assumption that more children might come along. In our view the words "more or less" could refer to persons just as well as to money.

Finally, while the parties stipulated that the court was to determine whether the Hatfield children and the Gunderson children were to receive 1/9th as a class or 1/17th as an equal share of the residue, the court had before it a petition for construction of the will and the stipulated views of the parties would not be controlling on the court. This is evidenced by the court's conclusion that the three surviving children of John P. Jensen were to jointly receive the sum of $2,000 to be divided equally between them. The court made the same conclusion as to the Hatfield and Gunderson children. If this same formula were carried out with respect to the residue as to the Hatfield and Gunderson children, as appellants contend, then it should also control insofar as the John P. Jensen children are concerned. Thus there would not be 9 shares but only 7, since the John P. Jensen children would collectively receive but 1/7th of the residue to be divided between them. If we follow the contentions of the appellants then we would find that the Jensen children instead of receiving 3/17th of the residue as the court decreed, would receive 1/7th. Since 3/17ths is a greater percentage than 1/7th the distribution decreed by the court gave them a larger share of the residue.

In this situation we are constrained to think, as did the district court, that the testator intended to divide the residue of his property equally among all those mentioned in his will. To be sure he might have used more definite words but he was a

man of the soil and the lack of spelling, capitalization, and punctuation in his hand-written will indicates he was lacking in education. All things, considered, from the words of the will itself, it is our view that the district court's version is the correct one.

The judgment of the district court is affirmed.

MR. JUSTICES CASTLES, JOHN C. HARRISON and HASWELL and Honorable *ARTHUR B. MARTIN, District Judge, concur.

* Sitting in place of JUSTICE JOHN W. BONNER.