No. 83-223

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

PATRICK F. SHIMSKY and EILEEN F.
SHIMSKY, husband and wife,

Plaintiffs and Appellants,

-vs-

VALLEY CREDIT UNION, a credit union
organized under the laws of the State
of Montana,

Defendant and Respondent.

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Diane G. Barz, Judge presiding.

COUNSEL OF RECORD:

For Appellants:

Howard F. Strause, Great Falls, Montana
Lawrence A. Anderson argued, Great Falls, Montana

For Respondent:

Herndon, Harper & Munro; Donald R. Herndon argued,
Billings, Montana

Submitted:  October 26, 1983

Decided:  February 16, 1984

Filed: FEB 16 1984

*Ethel M. Harrison*

Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This case involves allegations of violations of the Truth in Lending Act and breach of contract in relation to an "open ended" financing arrangement. This appeal is taken from the District Court order dismissing appellants' complaint and granting respondent's motion for summary judgment.

On January 10, 1979, appellant Patrick F. Shimsky obtained a $5,500 loan from respondent (hereinafter Credit Union) by means of an open ended revolving credit plan. The annual percentage rate on the outstanding balance was 12%, and the agreement provided for minimum monthly payments. The language which gave rise to this dispute is found in paragraphs two and thirteen of the agreement, which provide:

> "2. the credit union reserves the right to amend or terminate this agreement or refuse any request for an advance at any time for any reason not prohibited by law and such action shall not affect the obligations of the undersigned or any other obligor.
>
> ". . .
>
> "13. Undersigned agrees that (a) the credit union may retain this agreement to comply with federal and/or state law and (b) in compliance with applicable law, regulation and this agreement the credit union may change the terms of the plan from time to time upon prior notice mailed to the undersigned's last known address as shown on the records of the credit union."

Pursuant to these provisions, the Credit Union mailed a "Notice of Amendment to Revolving Credit Plan" to appellant in June of 1979, to be effective July 15, 1979.

The notice generally stated that the Credit Union was raising the annual percentage rate from 12% to 15%, and gave appellant a choice of adhering to the new provisions of the contract or making payment in full on July 15, 1979. Appellant made monthly payments of $165 from August 1979 through October 1981 reducing the outstanding balance to less than $300. This action was filed on October 20, 1981.

Two causes of action were asserted in the complaint; first, alleged violations of the Federal Truth in Lending Act, and second, a breach of contract for unilaterally raising the interest rate in contravention of the agreement. The Credit Union generally denied both claims, and affirmatively plead novation, estoppel, waiver, laches and statute of limitations.

The Credit Union then moved for summary judgment on the grounds that as a matter of law appellant's Truth in Lending claim was barred by the statute of limitations. Briefs were filed and oral arguments heard on the motion. The Court dismissed the complaint on the ground that the truth in lending claim was barred by the statute of limitations. An extensive memorandum in support of its order was filed by the court in which the Truth in Lending statute of limitations was discussed in depth. However, the breach of contract claim was not mentioned in the memorandum. In any event the complaint was dismissed in its entirety.

On appeal, appellant seeks review only of the District Court's dismissal of the breach of contract claim, conceding that the Truth in Lending claim is barred by the statute of limitations. The issues raised deal with the propriety of

the summary judgment in two aspects. He first contends the District Court improperly applied the Truth in Lending statute of limitations to the breach of contract claim, and second, that there were genuine issues of material fact so as to preclude summary judgment.

We note that this case was disposed of below on motion for summary judgment. The trial judge sat without a jury and no testimony was taken, as the facts are relatively uncontested. The scope of review in such a case is much broader than in other appeals, as this Court is free to make its own examination of the entire case and to make a determination in accordance with its findings. Steadman v. Halland (Mont. 1982), 641 P.2d 448, 39 St.Rep. 343; citing In re Estate of Jensen (1969), 152 Mont. 495, 452 P.2d 418; and Kostbade v. Metier (1967), 150 Mont. 139, 432 P.2d 382. We will also uphold the result reached below if correct, regardless of the reasons given for the conclusion. Steadman, supra, citing Spaeth v. Emmett (1963), 142 Mont. 231, 383 P.2d 812; and Johnstone v. Sanborn (1960), 138 Mont. 467, 358 P.2d 399.

We further note that this case sounds in equity. Traditionally, breach of contract claims, which is the only claim still pursued here, have been classified as actions at law. See McClintock, Equity section 60 (2d Ed. 1948). Specifically actions for breach of contract to lend money have been classified as actions at law. See McClintock, supra, section 60 at p. 156-7. However appellant's argument below was that the contract was illusory and thus void. On appeal he contends that the contract was void and illusory for lack of mutuality, and that the Credit Union's

-4-

interpretation of the contract renders the contract unconscionable requiring it to be voided or reformed. These claims are tied to the breach of contract theory by appellant arguing that these problems have placed the Credit Union in breach of the contract provisions which allow amendment, "[I]n compliance with applicable law. . ." In addition, the Credit Union raised the equitable defenses of estoppel, waiver and laches. These requests are of an equitable nature and invoke the Court's equity power.

When reviewing cases of an equitable nature,

> "[T]he supreme court shall review all questions of fact arising upon the evidence presented in the record, whether the same be presented by specifications of particulars in which the evidence is alleged to be insufficient or not, and determine the same, as well as questions of law, unless for good cause a new trial or the taking of further evidence in the court below be ordered." Section 3-2-204(5), MCA.

The peculiar circumstances of this appeal show the need for such a broad standard; the legal theory primarily relied on below by appellant has been conceded on appeal, and the issues presented for review relate to a legal theory which was barely touched by the District Court. In the lower court appellant's main legal theory involved alleged violations of the Truth in Lending Act. Appellant pursued the Truth in Lending claim vigorously, filing numerous briefs, discovery motions and seeking certification of the lawsuit as a class action. When the Credit Union filed its motion for summary judgment, appellant filed additional briefs and argued orally against the motion. After the hearing, appellant filed a post hearing memorandum further arguing his position. However in his zeal pursuing the

Truth in Lending claim, the breach of contract claim seems to have been put on the back burner.

Throughout the various briefs and motions filed by appellant, little mention is made of the breach of contract claim. Some argument was made that the contract was illusory and thus void, but any connection between that argument and the alleged breach of contract was not strongly pursued. In any event, the Truth in Lending claim emerged as the primary theory of recovery at the hearing on the Credit Union's motion. This is apparent from a perusal of the District Court's memorandum in support of its dismissal of the action, in which no mention of the breach of contract claim is made. The Credit Union opined that appellant presented his arguments on the breach of contract issue in a vague, ambiguous and secondary manner, and nothing appears in the record to cause us to disagree.

As a result, when the motion for summary judgment was granted, the District Court's memorandum did not mention the breach of contract claim. However, we are now asked to review the trial court's dismissal of the breach of contract claim; thus it is imperative that the scope of review be quite broad.

We feel appellant's claim is barred by laches and affirm the District Court ruling on that basis.

> "Laches means negligence to the assertion
> of a right, and exists where there has
> been a delay of such duration as to
> render enforcement of an asserted right
> inequitable. (citations omitted) A
> complainant can be charged with laches
> if, but only if he was either actually or
> presumptively aware of his rights. A
> complainant is presumptively aware of his
> rights where the circumstances of which
> he is cognizant are such as to put a man
> of ordinary prudence on inquiry."

Hereford v. Hereford (1979), 183 Mont.
104 at 108-9, 598 P.2d 600 at 602.

Here there were no necessary facts of which appellant was cognizant at the time he brought the action that he was unaware of at the time he received the notice of amendment. The notice was clearly sufficient to bring the change in terms to appellant's attention. "A complainant is presumptively aware of his rights where the circumstances of which he is cognizant are such as to put a man of ordinary prudence on inquiry." Hereford, 183 Mont. at 108-9, 598 P.2d at 602. As the Credit Union felt it was within its rights to raise the interest rate, it interpreted appellant's silence as acquiescence. It would be inequitable to allow pursuit of this claim when the Credit Union relied on appellant's acquiescence for over two years and the transaction is nearly complete.

Appellant points out that the statute of limitations has not yet run, however the period of time necessary to invoke laches is not measured by the statute of limitations. Barrett v. Zenisek (1957), 132 Mont. 229, 315 P.2d 1001. Since there is no prescibed period, each case is determined according to its own particular circumstances. Montgomery v. First National Bank of Dillon (1943), 114 Mont. 395, 136 P.2d 760. As noted above, appellant made twenty-seven payments after receiving notice that the interest rate was being raised. No objection was made until the balance had been reduced to less than $300, and over two years had passed. In the context of a two year transaction, it would be inequitable to allow pursuit of a claim which arose at the inception of the arrangement.

As previously set forth in the statement of facts this

-7-

was a case decided by the trial court on summary judgment, as the facts are uncontested. One of the issues raised by appellant is directed at the propriety of summary judgment as he alleges there are genuine issues of material fact outstanding.

This Court has often stated that under Rule 56(c) M.R.Civ.P. summary judgment is proper only if the record discloses no genuine issue of material fact, and the movant is entitled to judgment as a matter of law. Reaves v. Reinbold (Mont. 1980), 615 P.2d 896, 37 St.Rep. 1500; Rumph v. Dale Edwards, Inc. (1979), 183 Mont. 359, 600 P.2d 163. The party moving for summary judgment has the burden of showing the complete absence of any genuine issue as to all facts which are deemed material in light of those substantive principles which entitle him to judgment as a matter of law. Big Man v. State (Mont. 1981), 626 P.2d 235, 38 St.Rep. 362; Harland v. Anderson (1976), 169 Mont. 447, 548 P.2d 613. "Once the movant has established that no material issues of fact exist, the burden shifts to the opposing party to raise an issue of fact." Krone v. McCann (Mont. 1982), 638 P.2d 397, 399-400, 39 St.Rep. 10, 13.

Here the appellant failed to accept that burden and present facts involving the contract issue. Having failed to do so, the court's order granting summary judgment was proper.

Accordingly, the judgment of the District Court dismissing the complaint in its entirety is affirmed.

John Conway Harrison
Justice

-8-

We concur:

_Frank I. Haswell_
Chief Justice

_Daniel J. Shea_

_L. C. Gulbrandson_

_____

_____
Justices

Mr. Justice John C. Sheehy, specially concurring:

I concur only because of laches. This contract was entirely lacking in mutuality.

_John C. Sheehy_
Justice