No. 87-551

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

IN RE THE MARRIAGE OF
DONNA J. GEERTZ,

            Petitioner and Appellant,
    and

KEITH D. GEERTZ,

        Respondent and Respondent.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
                In and for the County of Yellowstone,
                The Honorable William J. Speare, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Mary E. Westwood, Billings, Montana

    For Respondent:

        Christopher P. Thimsen, Billings, Montana

                        Submitted on Briefs:  May 6, 1988

                            Decided:  May 24, 1988

Filed:    MAY 2 4 1988


_Ethel M. Harrison_
_____
            Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Donna Geertz appeals from the judgment and order of the District Court of the Thirteenth Judicial District, Yellowstone County, which determined the parties had not entered into a common law marriage. We affirm.

The issues before the Court are:

1. Did the District Court properly bifurcate the proceeding in order to determine whether a common law marriage existed before addressing other issues?

2. Is there substantial credible evidence to support the District Court's findings of fact?

3. Did the District Court erroneously conclude that Donna failed to establish that the parties assumed a marital relationship by consent and agreement?

Donna and Keith Geertz were married on May 24, 1980. A son was later born of the union.

Like many young couples starting a new life, Donna and Keith soon purchased a home. The title to the home was held jointly. The couple also filed a joint income tax return, held joint insurance policies, held joint bank accounts and held other property jointly.

On July 10, 1981, Donna and Keith's marriage was dissolved. At that time the parties entered into a separation agreement, which was adopted by the court, whereby Keith was awarded custody of their son. The parties concede that the controversy at hand arises in large part due to the placement of the custody of the child with Keith. Donna was not represented by counsel during the initial divorce and apparently was led to believe that an unemployed parent could not receive custody.

Following the divorce and division of the marital estate, Donna obtained her own residence. However, the couple soon resumed living together. On or about November 8, 1981, Donna moved back into the family home. The nature of the renewed relationship is hotly contested. Donna filed a dissolution petition alleging common law marriage on February 5, 1984. Keith denied the existence of the marriage.

Donna testified that the couple resumed a marital relationship upon returning to the family home. In support of her contention, she introduced an automobile loan agreement which was co-signed by Keith as well as the joint title to the automobile. Donna also presented evidence that Keith had occasionally introduced her as his wife.

Keith testified that Donna returned to the family home on an experimental basis, in order to attempt to work out their differences. He acknowledged that although he had introduced Donna as his wife on a few occasions, he did so merely to avoid embarrassment. In his opinion, the parties had not renewed the marital relationship at any time.

The evidence revealed that following the 1981 divorce, both parties filed tax returns designating themselves as single individuals. In addition, following the divorce, the parties maintained separate bank accounts; with the exception of Donna's car, held property separately; applied for several loans in which each party listed themselves as single or divorced; and maintained separate insurance. The parties also agree that Donna had asked Keith to remarry her on more than one occasion during the course of the cohabitation.

Following a hearing solely on the issue of the common law marriage, the District Court determined that Donna had "failed to show the parties assumed a marital relationship by consent and agreement." This appeal followed.

The first specification of error concerns the District Court's bifurcation of the proceedings in order to determine whether there was a common law marriage before hearing evidence on custody, property distribution and maintenance. Donna contends that § 40-4-104(1)(d), MCA, prohibits bifurcation of the proceeding in the instant case. We find Donna's argument is without merit.

The legislative intent, as demonstrated by the plain language employed, clearly indicates that § 40-4-104(1)(d), MCA, was designed to consolidate, expedite, and finalize dissolution proceedings. In the ordinary case, the prohibition of bifurcated and compartmentalized dissolution proceedings fulfills the legislative design. However, the statute presumes, and the parties generally do not contest, the existence of a lawful marriage. Such is not the case here. We therefore conclude that § 40-4-104(1)(d), MCA, is inapplicable.

The district courts of this state are charged with the duty of achieving substantial justice. A necessary prerequisite to the performance of this judicial function is the authority to fashion rules and procedures commensurate with the task at hand. The district courts have therefore been vested with wide discretion in the manner of the performance of their office. See §§ 3-1-111, -113, MCA. Inherent in this grant of discretion is the authority to bifurcate a proceeding when equity, sound legal reasoning, and judicial economy so dictate. See § 3-1-113, MCA.

In the instant case, the court lacked the authority to grant the relief requested until a determination of the marital relationship of the parties was completed. Put simply, a court can not dissolve or equitably distribute the fruits of that which does not exist. The court's decision to bifurcate the proceedings with a view towards conserving the

time and resources of the parties, as well as those of the court, was not an abuse of discretion.

Donna next contends that the District Court's findings of fact, specifically no. 6, 8, and 9, are clear error. However, a review of the record demonstrates that the court's findings of fact no. 8 and 9 accurately summarize the testimony. We therefore confine our discussion to finding of fact no. 6.

Finding of fact no. 6 states that the parties "did not hold property in joint ownership" during the course of their post divorce cohabitation. In light of the evidence that Donna and Keith held joint title to her automobile, the District Court's finding is in error. However, we find the error to be harmless.

Keith testified that while he had agreed to co-sign the automobile loan, he was not aware that he held an ownership interest in the automobile. In addition, the remainder of the parties property was held separately. The court's failure to provide that Keith did not "knowingly" hold property in joint ownership with Donna does not constitute a denial of substantial justice, nor would an isolated instance of joint ownership have a significant impact on the result. Under such circumstances, we conclude the error was harmless.

The third specification of error concerns the District Court's determination that Donna failed to establish a common law marriage. Although Donna argues that the issue is the District Court's failure to apply the presumption of marriage contained within § 26-1-602(30), MCA, and that the court's decision is in violation of the public policy of this state, the real issue is whether Donna carried her burden of proof.

In order to establish the existence of a common law marriage, the party asserting the marriage must show (1) the parties are competent to enter into a marriage;

(2) assumption of such a relationship by mutual consent and agreement; and (3) cohabitation and repute. Stevens v. Woodmen of the World (1937), 105 Mont. 121, 141, 71 P.2d 898, 905. Although the public policy of this state, as demonstrated by the presumption contained within § 26-1-602(30), MCA, generally favors a finding of a valid marriage, the burden of proof remains upon the person asserting a common law marriage. The District Court found that Donna failed to carry her burden of proof.

Contrary to Donna's assertion, the District Court did not find that the parties had failed to consent to a common law marriage solely on the basis of Keith's denial of the marital relationship. The record demonstrates that the majority of the property was held separately; that both parties filed single income tax returns; that Donna asked Keith to get remarried after they had allegedly assumed a common law marriage; that both parties maintained separate insurance and bank accounts; that Keith generally referred to Donna as his ex-wife; and that Keith listed himself as single on various loan applications. The evidence presented demonstrates that the parties' actions did not manifest an understanding that they had entered into a contract of common law marriage. The evidence is also sufficient to rebut any statutory or common law presumption of marriage.

The judgment of the District Court is affirmed.

_John C. Sheehy_
Justice

We Concur:

- 6 -

_William E. Hunt, Sr._

_P. C. McDonough_
Justices