No. 91-486

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

FRED STANSBURY,

    Plaintiff and Appellant,

-vs-

PROFESSOR RUEY-LIN LIN,

    Defendant and Respondent.

FILED

MAR 1 0 1993

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Russell K. Fillner, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Craig W. Holt, Attorney at Law, Billings, Montana

    For Respondent:

        Norman C. Peterson, Agency Legal Services Bureau,
Helena, Montana
Donna Davis; Matovich, Addy & Keller, Billings
Montana
Bill Gianoulias, Tort Claims Division, Helena,
Montana
LeRoy H. Schramm, Chief Legal Counsel, Office of
the Commissioner of Higher Education, Helena
Montana

Submitted on Briefs:  March 26, 1992

Decided:  March 10, 1993

Filed:

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

Fred Stansbury (Stansbury) appeals from an order of the District Court of the Thirteenth Judicial District, Yellowstone County, granting summary judgment in favor of the respondent, Professor Ruey-Lin Lin (Professor Lin). We affirm.

The sole issue on appeal is whether the District Court erred in granting summary judgment in favor of Professor Lin.

On March 26, 1990, Stansbury appeared as a student for the first day of a sociology class taught by Professor Lin, a professor at Eastern Montana College in Billings. Stansbury alleges that Professor Lin demanded that he leave the classroom and that, upon his departure from the classroom, Professor Lin slandered him in a thirty-minute tirade to the remaining students in the class.

On January 23, 1991, Stansbury's attorney, on behalf of Stansbury, signed a settlement agreement in which Stansbury released Eastern Montana College and its officers, employees and agents from any liability for any alleged slander of Stansbury by Professor Lin. The agreement contained a clause which stated:

> To resolve this case, the parties agree as follows:
> . . .
> b. Nothing herein precludes Fred Stansbury from pursing [sic] legal recourse against Professor Ruey-Lin Lin for actions of his outside the course and scope of employment authority of Eastern Montana College or the Montana University System.

The agreement was also signed by representatives of Eastern Montana College and the Montana University System. Stansbury received the settlement provided in the agreement.

Following the execution of the settlement agreement, Stansbury

2

filed a slander complaint in the District Court against Professor Lin as an individual defendant. The complaint was accompanied by and incorporated an affidavit made by Stansbury. Stansbury alleged that Professor Lin's conduct in slandering him was willful and malicious. He sought actual and punitive damages.

Professor Lin moved to dismiss Stansbury's complaint, arguing that since Stansbury had settled the slander action with Professor Lin's employer, the State of Montana, Stansbury was statutorily barred by § 2-9-305, MCA, from suing him as an individual. He further argued that under § 2-9-305, MCA, he was individually immune from suit. In support of his motion to dismiss, Professor Lin submitted to the District Court the settlement agreement signed by the representatives of the State and Stansbury's attorney. He also submitted the affidavit of the chief legal counsel to the Commissioner of Higher Education, which acknowledged under the authority provided in § 2-9-305, MCA, that Professor Lin was acting within the scope and duty of his employment at the time of the alleged slander.

The motion to dismiss was briefed by both parties. The District Court determined that the parties had relied on facts not contained in the pleadings and, therefore, converted the motion to dismiss into a motion for summary judgment and set a date for an evidentiary hearing.

At the evidentiary hearing, neither party presented evidence and both waived any further presentation of evidence. The District Court then proceeded to hear oral argument on the summary judgment motion. Stansbury contended during oral argument that Professor

3

Lin was acting outside the course and scope of his employment at the time of the alleged slander and that the State previously had acknowledged that fact. Because there was no evidence before the court that the State had acknowledged that Professor Lin was acting outside the course and scope of his employment at the time of the alleged slander, the court gave the parties additional time in which to submit further evidence.

Professor Lin presented nothing further. Stansbury submitted an additional affidavit of his own. Stansbury also submitted an affidavit in which his attorney stated that during the course of settling with Eastern Montana College, he had spoken with JoAnne Sherwood from the office of the Commissioner of Higher Education and had "expressed a distinct concern about the continuation of this action against Professor Ruey-Lin Lin as an individual." Stansbury's attorney also stated in his affidavit that the language of the original settlement agreement had been altered to allow Stansbury to proceed against Professor Lin individually.

Thereafter, the District Court granted summary judgment in favor of Professor Lin, stating:

> It is clear under § 2-9-305, MCA, that an employee whose conduct gave rise to the suit is immune from liability by reasons of the same subject matter if the governmental entity acknowledges that his conduct was within the course and scope of the employee's employment. Accordingly, the recovery, by virtue of the settlement against the governmental entity, to wit: Eastern Montana College, constitutes a complete bar to this action.
>
> Counsel for the plaintiff has not produced any evidence to constitute a bar to the application of the express terms of the statute.

This appeal followed.

4

Did the District Court err in granting summary judgment in favor of Professor Lin?

Summary judgment is proper when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. Rule 56(c), M.R.Civ.P. This Court's standard of review is the same as the trial court's, and we will uphold a correct result regardless of the reasons given by the lower court. Shimsky v. Valley Credit Union (1984), 208 Mont. 186, 189-90, 676 P.2d 1308, 1310.

Eastern Montana College, as a college run by the State of Montana, is a governmental entity as defined in Title 2, Chapter 9, MCA. Section 2-9-101(3) and (7), MCA. Section 2-9-305, MCA, is entitled "Governmental entity to be joined as defendant -- immunization, defense, and indemnification of employees." Subsection (5) of that statute provides:

> Recovery against a governmental entity under the provisions of parts 1 through 3 of this chapter constitutes a complete bar to any action or recovery of damages by the claimant, by reason of the same subject matter, against the employee whose negligence or wrongful act, error, or omission or other actionable conduct gave rise to the claim. In any such action against a governmental entity, the employee whose conduct gave rise to the suit is immune from liability by reasons of the same subject matter if the governmental entity acknowledges or is bound by a judicial determination that the conduct upon which the claim is brought arises out of the course and scope of the employee's employment, unless the claim constitutes an exclusion provided in (b) through (d) of subsection (6). [Emphasis added.]

The validity of this statute has not been challenged as part of this appeal.

In interpreting statutes, we must give language its plain meaning. Keller v. Smith (1976), 170 Mont. 399, 404-05, 553 P.2d

5

1002, 1006. Section 2-9-305, MCA, as a whole is not a model of clarity in drafting. However, the first sentence of § 2-9-305(5), MCA, clearly prohibits any action or recovery against an employee of the State based on the same subject matter for which recovery has already been obtained from a governmental entity. Stansbury has already obtained recovery, in the form of a settlement from Eastern Montana College, for the same subject matter out of which he now brings suit against Professor Lin. We conclude that under the first sentence of § 2-9-305(5), MCA, Stansbury's settlement with Eastern Montana College is a complete bar to this lawsuit.

As stated above, the settlement between Stansbury and Eastern Montana College provided that "[n]othing herein precludes Fred Stansbury from pursing [sic] legal recourse against Professor Ruey-Lin Lin for actions of his outside the course and scope of employment authority of Eastern Montana College or the Montana University System." Stansbury argues that this provision in the settlement agreement affirms his continuing right to sue Professor Lin personally. We disagree. This provision only precludes the settlement agreement from cutting off Stansbury's right to sue Professor Lin. It does not cancel the statutory bar to this action provided by § 2-9-305(5), MCA. When he entered the settlement with Eastern Montana College, Stansbury forfeited his right to sue Professor Lin individually for the same acts. He may not have chosen the best timing sequence for his settlement and lawsuit, but that has no bearing on the right of the State to make a settlement and it has no bearing on Professor Lin's immunity.

The District Court considered, and in their briefs to this

6

Court the parties have argued, whether Professor Lin's actions were within the course and scope of his employment, as discussed in the second sentence of § 2-9-305(5), MCA. However, we conclude it is immaterial whether Professor Lin's actions were within the course and scope of his employment. The second sentence of subsection (5) applies "[i]n any such action against a governmental entity." This action, which was filed only <u>after</u> Stansbury settled with Eastern Montana College, is not now and never has been an action against a governmental entity. We conclude that the second sentence of § 2-9-305(5), MCA, does not apply here.

Because we have concluded that the first sentence of § 2-9-305(5), MCA, is, on its face, a complete bar to this action, we hold that the District Court did not err in entering summary judgment for Professor Lin.

Affirmed.

We concur:

_____
Chief Justice

_____

_____

_____
Justices

_____
Justice

7

Justice Terry N. Trieweiler dissenting.

Fred Stansbury has been sandbagged twice. Once by the attorneys for the University System, and a second time by the Supreme Court. Therefore, I dissent.

On January 3, 1991, Stansbury filed a complaint against Ruey-Lin Lin and Eastern Montana College (EMC). He alleged, among other things, that on March 26, 1990, when he entered Lin's sociology class at EMC as a student, he was ordered out of the classroom by Lin. He further alleged that after his departure from the room, Lin embarked on a 30 minute tirade during which he intentionally and maliciously defamed Stansbury by referring to him as "lazy" and "stupid," and otherwise impugned his character and learning ability.

In the affidavit in support of his amended complaint, Stansbury also pointed out that Lin told the rest of the students in the class that Stansbury was ignorant, obnoxious, incapable of learning, and no good as a person or a student.

Shortly after the original complaint was filed, Stansbury negotiated a settlement with EMC. However, according to the affidavit of Stansbury's attorney, the original settlement agreement proposed by counsel for EMC contained language that precluded further pursuit of the claim against Lin individually. Stansbury's counsel made it plain to EMC's representative with whom he negotiated that he intended to continue the claim against Lin as an individual. Therefore, the settlement agreement was amended to provide that:

8

Nothing herein precludes Fred Stansbury from pursuing legal recourse against Professor Ruey-Lin Lin for actions of his outside the course and scope of employment authority of Eastern Montana College or the Montana University System.

The amended settlement agreement was signed on January 23, 1991, and on February 20, 1991, an amended complaint was filed naming Lin as the only defendant and repeating Stansbury's allegation that Lin's actions were intentional and malicious.

An appearance was filed on behalf of EMC by Norman C. Peterson, an attorney employed by the Agency Legal Services Bureau of the Department of Justice of the State of Montana.

On March 27, 1991, Peterson filed a motion to dismiss the complaint, and in support of that motion, filed the affidavit of Leroy Schramm. Schramm is the Chief Legal Counsel to the Commissioner on Higher Education, and in his affidavit stated that the actions of Lin which were complained of by Stansbury were committed within the course and scope of Lin's employment as a professor at EMC.

The District Court granted the motion to dismiss because it concluded that pursuant to § 2-9-305, MCA, a State employee is immune from liability for conduct which the government alleges was within the course and scope of that person's employment. The District Court did not hold, and Stansbury has not contended on appeal, that Lin was immune from liability based on the strained interpretation that the majority attaches to § 2-9-305, MCA.

Of course, the District Court's judgment of dismissal could not be affirmed on the basis that Lin acted within the course of

9

his employment because this Court has since held, in *Maguire v. State of Montana* (Mont. 1992), 835 P.2d 755, 758-60, 49 St. Rep. 688, 689-91, that where intentional torts are not committed for the benefit of the employer, they are outside the course of employment as a matter of law and the employer cannot be held vicariously liable for the consequences of such an act. In this case, the defamatory conduct that Lin is accused of was an intentional act, and according to the majority opinion in *Maguire*, was outside the course of his employment as a matter of law. That conclusion cannot be varied by the self-serving affidavit of one of the State's own agents. The State is judicially estopped from asserting inconsistent arguments regarding the effect of an intentional act--depending on which position best serves the State's interest in a given case.

Therefore, ignoring all rules of statutory construction, the majority has simply concluded that based on § 2-9-305(5), MCA, recovery cannot be had against an employee of the State based on the same subject matter for which recovery was had against the State. The majority's decision is based upon the first sentence of § 2-9-305(5), MCA. However, that statute contains a number of provisions, and where a statute contains "several provisions or particulars, such a construction is, if possible, to be adopted as will give effect to all." Section 1-2-101, MCA.

For example, § 2-9-305(1), MCA, provides that:

> It is the purpose of this section to provide for the immunization, defense, and indemnification of public officers and employees civilly sued for their actions

10

taken <u>within the course and scope of their employment.</u>
[Emphasis added.]

Furthermore, the second sentence of subsection (5) explains the first sentence by providing that:

> In any such action against a governmental entity, the employee whose conduct gave rise to the suit is immune from liability by reasons of the same subject matter <u>if the governmental entity acknowledges or is bound by a judicial determination that the conduct upon which the claim is brought arises out of the course and scope of the employee's employment</u> . . . . [Emphasis added.]

The construction of the majority ignores this provision of the statute and ignores the express purpose of the statute which is to immunize employees for only those acts which are in the course and scope of their employment.

The majority opinion concludes that the second sentence is not applicable because this action "is not now and never has been an action against a governmental entity." The majority is incorrect. This action started out as an action against EMC. The complaint was amended to dismiss EMC only after a settlement was entered into with that defendant.

The majority opinion ignores other rules of construction. Section 1-2-102, MCA, provides that "in the construction of a statute, the intention of the legislature is to be pursued if possible." Section 2-9-305, MCA, makes very clear that it is the Legislature's intent that only those employees who are acting in the course and scope of their employment are immune from personal liability. However, the majority is unimpressed.

11

Section 1-2-102, MCA, further provides that "when a general and particular provision are inconsistent, the latter is paramount to the former, so a particular intent will control a general one that is inconsistent with it."

The majority makes passing reference to the fact that § 2-9-305(5), MCA, is not a model of clarity. However, the reason it is unclear is that the general provision contained in the first sentence and the particular provision contained in the second sentence are inconsistent. The first sentence provides for general immunity for an employee when recovery has been had against the governmental entity by whom he or she is employed. However, the second sentence limits that immunity to cases in which there is an acknowledgment or judicial determination that the employee acted within the course and scope of his or her employment. Therefore, the more particular provision found in the second sentence controls over the general statement of intent found in the first sentence. The majority has ignored this rule of construction.

In summary, this Court has previously held that intentional torts are outside the course and scope of State employees' employment. That rule of law cannot be changed by an affidavit of one of the State's agents when it serves the State's interest to do so. Section 2-9-305, MCA, when construed so as to accomplish the intent of the Legislature and give effect to all of its provisions, does not provide immunity to Lin under the circumstances in this case because as a matter of law he was not acting within the course and scope of his employment.

12

For these reasons, I dissent from the opinion of the majority and would reverse the judgment of the District Court.

_____
Justice

Justices John C. Harrison and William E. Hunt, Sr., concur in the foregoing dissent.

_____
Justices

13