NO.  93-091

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

IN THE MATTER OF THE ESTATE OF
CHARLES G. VANDENHOOK, a/k/a
CHUCK VANDENHOOK, Deceased.

APPEAL FROM:   District Court of the Eighteenth Judicial District,
               In and for the County of Gallatin,
               The Honorable Larry W. Moran, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

            Karl P. Seel, Bozeman, Montana

        For Respondent:

            Joseph W. Sabol, II, Bozeman, Montana

            David G. Davies, Phoenix, Arizona

                              Submitted on Briefs:  May 20, 1993

                                        Decided:  June 23, 1993

FILED

JUN 23 1993
Filed:

CLERK OF SUPREME COURT
STATE OF MONTANA

_____
                    Clerk

Chief Justice J. A. **Turnage** delivered the Opinion of the Court.

Sharon Groth appeals from a ruling of the District Court for the Eighteenth Judicial District, **Gallatin** County, that she did not establish a claim against the estate of Charles Vandenhook as his common law wife. We affirm.

The issue is whether the District Court erred in entering summary judgment denying **Groth's** claim **against Vandenhook's** estate.

Vandenhook was seventy-six years old at the time of his death in October 1991. Groth, who was in her forties, had been introduced to him through a mutual friend in Utah in late 1990. Because Groth lived in Oklahoma and Vandenhook lived in Montana, their relationship initially consisted of letters and telephone calls.

In March 1991, Groth visited Vandenhook at his home in Belgrade, Montana, for five days. During that visit,. Vandenhook presented Groth with a diamond ring which she says they considered as an engagement ring. Groth returned to Oklahoma and the relationship continued through the mail and over the telephone. Groth conveyed to Vandenhook her concerns about his wish that she join him in Montana, which would require her to leave behind her Oklahoma home, friends, and job.

Groth made a second trip to Montana in September 1991. She stayed with Vandenhook at his home for four days. On the last day of her visit, they exchanged the original diamond ring for one with a larger stone. Groth then returned to Oklahoma.

2

Vandenhook died on October 22, 1991. His holographic will executed on that date states:

> SEVENTH: I give and devise and bequeath to Sharon, my wife, after special bequests, all of my remaining stocks, bonds, real estate, cash, contracts and personal property-

> EIGHTH: Sharon is to act as Personal Representative of my estate . . .

His proposed first codicil, also dated October 22, 1991, states:

> Sharon and I are not married yet. Any reference to her name is hereby deleted on page 2.

> Sharon is to receive my 1985 Cadillac.

> . . .

> Anna Lee Purdy is to act as my personal representative.

Groth is presumed to be the "Sharon" mentioned in Vandenhook's will and codicil.

Anna Lee Purdy and another person were appointed as co-personal representatives of Vandenhook's estate. Groth filed a demand for notice and a statement of her interest in the estate as Vandenhook's common law wife and a beneficiary under the will. She contends that she and Vandenhook entered a common law marriage during her September 1991 visit to Montana.

The co-personal representatives moved for summary judgment, supporting their motion with their own affidavits and those of others. Groth filed a brief in opposition to the motion for summary judgment. The District Court granted the motion, concluding:

> The undisputed facts are insufficient to elevate the parties' relationship to that of a valid common law marriage. There was no mutual long-term commitment to a relationship of husband and wife; there was no cohabitation as husband and wife after the date Petitioner alleges the marriage "probably" took place, September 24, 1991; the parties did not generally hold themselves out to, or in any way indicate to, their friends, relatives, or members of the general community that their relationship was that of husband and wife.

Groth appeals.

Did the District Court err in entering summary judgment denying **Groth's** claim against **Vandenhook's** estate?

Summary judgment is appropriate when, based on the pleadings, depositions, answers to interrogatories, admissions, and **any** affidavits filed, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), **M.R.Civ.P.** Once the moving party meets its initial burden of proof, it is up to the non-moving party to establish that genuine issues of material fact exist. Simmons v. Jenkins **(1988),** 230 Mont. 429, 432, 750 **P.2d** 1067, 1069. Our standard of review is the same as that of the district court. **Shimsky** v. Valley Credit Union **(1984),** 208 Mont. 186, 189-90, 676 **P.2d** 1308, 1310.

To establish a common law marriage in Montana, the party alleging the existence of the marriage has the burden of proving: 1) that the parties were capable of consenting to the marriage; 2) that the parties assumed such a relationship by mutual assent and agreement; and 3) that the parties established the marriage by

4

cohabitation and repute.   In re Marriage of Geertz (1988), 232 Mont. 141, 145, 755 P.2d 34, 37.   All three elements must be present.

In this case, the parties' capability to consent to the marriage is not disputed, although there is some evidence that Vandenhook's alcoholism impaired his judgment. The presence of the second element, consent by mutual assent and agreement, is put into question by two letters submitted to the District Court.

In an October 1, 1991 letter, the matchmaking friend from Utah wrote to Vandenhook:

> You take care of yourself + try + build your strength up. I am really looking forward to you coming to St-George -- so hurry!  We will find you a good doctor here + I will see to it you will not need for anything like shopping for household needs, etc., until Sharon makes up her mind, etc.

In a letter to Groth dated October 22, 1991, Vandenhook wrote:

> I am just too mixed up to go through with our arrangement.

> We have not been able to see enough of each other.

> Montana is really my home and I don't really know how you will feel about that.

> I am so much older and less active than you are.  I would be very lucky to have you, but we need to get each other thinking better.

> I feel this will maybe disappoint you but we really are not close enough yet that your heart will be broken.

> I still hope we will get to know each other better and I want to keep our friendship going.  I think you understand and have had doubts about leaving your job and Oklahoma, where you have always lived.

It is the third element of common law marriage, cohabitation and repute, which is decisive in determining the motion for summary judgment. In her deposition, Groth testified that she and Vandenhook felt they were married after he gave her the second diamond ring in September 1991. However, the only time thereafter during which the couple can possibly be said to have cohabitated was that afternoon, before Groth returned to Oklahoma.

As to repute, a common law marriage cannot be kept secret by the parties, and if the relationship is kept secret, no valid common law marriaye exists. Miller v. Sutherland (1957), 131Mont. 175, 184-85, 309 P.2d 322, 327-28. Groth testified that, right after Vandenhook gave her the second ring, he took her out to lunch with Anna Lee Purdy but that they did not mention to her or to anyone else they saw that day that they were married.

Also, the co-personal representatives filed affidavits stating that, despite their close personal relationships with Vandenhook, he never indicated to them that he had entered into a marriage relationship with Groth. They stated that they had made efforts to locate any friend, relative, associate, or acquaintance of Vandenhook to whom he had held out Groth as his wife, but that their efforts were unsuccessful. Several other personal friends of Vandenhook filed affidavits stating that they were aware that Vandenhook was corresponding with Groth, but that Vandenhook never indicated expressly or by implication that he had entered into a marriage of any sort with her.

The co-personal representatives further filed an affidavit by the jeweler who sold the second diamond ring to Vandenhook and Groth. The jeweler stated that he did not recall hearing any statements between Groth and Vandenhook that the purchase of the ring constituted a marriage between them.

Groth testified by deposition that she did not change her credit cards or income tax withholding to indicate that she was married. She and Vandenhook had no jointly held property or bank accounts and did not name each other as beneficiaries on their insurance policies. Groth filed her 1991 income tax return under "single," not "married," status.

Groth also testified in her deposition that she told her son, the friend in Utah who introduced her to Vandenhook, and a coworker that she was married. However, she failed to include with her brief opposing the motion for summary judgment any affidavits to support these claims.

Groth has not met her burden of demonstrating a genuine issue of fact as to the third element necessary to show a common law marriage, cohabitation and repute. We therefore hold that the District Court did not err in entering summary judgment that Groth has failed to prove her claim that she was the common law wife of Charles Vandenhook.

Affirmed.

_____
Chief Justice

7

We concur:

_Karla M. Gray_

_William E. Hunt Sr._

_[signature]_

_[signature]_
Justices

June 23, 1993

CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Karl P. Seel
Attorney at Law
1705 W. College, Suite A
Bozeman, MT 59715

David G. Davies
Attorney at Law
5110 N. 4oth St., Suite 236
Phoenix, AZ 85018-2198

Joseph W. Sabol, II
Attorney at Law
225 East Mendenhall
Bozeman, MT 59715

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
    Deputy